UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO MISAEL MELENDEZ SARAVIA,<br><br>Petitioner,<br><br>v.<br><br>CHARLES GREEN,<br><br>Respondent. | Civil Action No. 16-4504 (MCA)<br><br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner Alejandro Misael Melendez Saravia's submission of a Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1). Having reviewed the submissions of the parties, the Court will dismiss the petition because Petitioner has already received an individualized bond hearing before an immigration judge ("IJ"), who denied bond, and that decision has been upheld by the Board of Immigration Appeals ("BIA").

The Court recounts only the facts necessary to the instant Memorandum Opinion. Petitioner submitted the instant Petition and filing fee on July 17, 2016, and the Petition was docketed on July 25, 2016. (ECF No. 1, Pet. at 11.) In that Petition, Petitioner alleges that he had been detained without bond since January 14, 2016. (*Id.*, Pet. at 4.) On August 23, 2016, this Court directed Respondent to respond to the allegations in the Petition. (ECF No. 2.) On October 11, 2016, Respondent filed its Answer. (ECF No. 4.)

The Answer filed by Respondent establishes the following relevant facts. On January 14, 2016, the Department of Homeland Security ("DHS") took Petitioner into custody and

1

determined that Petitioner was subject to discretionary detention pursuant to 8 U.S.C. § 1226(a).[1] (*See* ECF No. 4, Exhibit B – Notice to EOIR: Alien Address, dated January 18, 2016.)[2] When Immigration and Customs Enforcement ("ICE") detained Petitioner, it issued a "Notice of Custody Determination" which determined that Petitioner was to be detained without bond. (*See* Exhibit C – Notice of Custody Determination, dated January 14, 2016, at 1.) Petitioner subsequently requested a bond hearing before an IJ. (*Id.* at 3.) Petitioner appeared before an IJ for a custody redetermination hearing on February 17, 2016, at which time the IJ denied the request, finding that Petitioner was a danger to the community. (*See* Exhibit D – Order of the Immigration Judge with Respect to Custody, dated February 17, 2016.) It appears from the record that Petitioner, through counsel, subsequently submitted a motion to reconsider the IJ's Order denying bond, based at least in part, on a material change in circumstances. (*See* Exhibit E – Bond Appeal Decision dated June 15, 2016, at 2.) Petitioner received a second bond redetermination hearing on May 11, 2016. (*See id.* at 3.) Following the second bond hearing, the IJ issued a written decision denying Petitioner's request for a change in custody status, finding that Petitioner constituted a danger to the community and that he failed to establish a material change in circumstances. (*Id.* at 2-3; *see also* Exhibit F – Order of the Immigration Judge with Respect to Custody dated May 11, 2016.)

Petitioner filed an appeal of the May 11, 2016 bond determination with the BIA. (*See* Exhibit G – Decision of the Board of Immigration Appeals, dated August 25, 2016.) On August 25, 2016, the BIA dismissed Petitioner's appeal, agreeing with the IJ that Petitioner's arguments and evidence did not establish a material change in circumstances between his initial bond

---

[1] Respondent has represented to the Court that Petitioner is detained pursuant to § 1226(a).
[2] All Exhibits are to Respondent's Answer.

2

redetermination and his subsequent bond redetermination three months later. (*Id.* at 2.) Additionally, the BIA affirmed that even if Petitioner proved a change in circumstance, he did not establish that he was not a danger to the community. (*Id.*)

As explained below, Petitioner is not entitled to habeas relief from this Court because he has already received a bond hearing, which is the only relief this Court could provide to him. When Petitioner was taken into custody on January 14, 2016, he was subject to pre-final order of removal detention pursuant to 8 U.S.C. § 1226(a). Section 1226(a) authorizes the arrest, detention, and release of aliens on bond pending a decision on whether the alien is to be removed from the United States, except as provided in § 1226(c). *See* 8 U.S.C. § 1226(a). Section 1226(c), an exception to § 1226(a), mandates detention of specified criminal aliens during removal proceedings, provided detention does not continue for a prolonged period of time. *See* 8 U.S.C. § 1226(c); *Diop v. ICE/Homeland Sec.*, 656 F.3d at 232 ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community"); *see also Nepomuceno v. Holder*, No. CIV. 11-6825 WJM, 2012 WL 715266, at *4 (D.N.J. Mar. 5, 2012) (explaining same). A Petitioner held pursuant to § 1226(a) may also seek bond redetermination based upon changed circumstances. *See* 8 C.F.R. § 1003.19(e).

Here, Petitioner is being held under the discretionary detention provision of 8 U.S.C. § 1226(a), in which he is entitled to a bond hearing, and not 8 U.S.C. § 1226(c), which requires a bond hearing only in cases of unreasonably prolonged detention. *See* 8 C.F.R. § 1003.19(c); *Garcia v. Green*, No. 16-0565(KM), 2016 WL 1718102 (D.N.J. April 29, 2016). Petitioner,

3

however, has already received <u>two</u> bond hearings before an immigration judge. Petitioner, who has not filed a reply to Respondent's Answer, does not allege in his Petition that the February 17, 2016 and May 11, 2016 bond hearings were anything less than *bona fide* hearings, and the BIA has affirmed the May 11, 2016 decision denying Petitioner bond. This Court does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond. *See Pena v. Davies*, No. 15-7291 (KM), 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (citing 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole")); *see also Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (Chesler, J.) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a *bona fide* bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted). Here, the Petition is subject to dismissal because Petitioner has received the only relief this Court can provide to him – a bond hearing before an immigration judge.

For the reasons explained in this Memorandum Opinion, the Petition is dismissed. An appropriate Order follows.

Madeline Cox Arleo, U.S.D.J.

5